**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---------------------------------------------------------X
**In re: Marathon Healthcare of**      :   **CHAPTER 7**
**Norwalk, LLC,**                      :
                                       :
      **Debtor**         :   **Case No. 08-20594 (ASD)**
                                       :
**Thomas C. Boscarino,**               :   **Adversary No. 10-02027**
                                       :
      **Plaintiff**      :
                                       :
**v.**                                 :
**Functional Pathways of Tennessee, LLC,** :
                                       :
      **Defendant.**     :
---------------------------------------------------------X   **April 28, 2010**

## ANSWER

Comes the Defendant, Functional Pathways of Tennessee, LLC ("Functional Pathways"), by and through counsel, and for response to the numbered paragraphs in Plaintiff's Complaint to Avoid Preferential Transfer Under 11 U.S.C. Section 547(b) ("Complaint"), states as follows:

1. Functional Pathways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Functional Pathways denies the allegations contained in paragraph 2 of the Complaint to the extent that they state legal conclusions to which no response is required, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

3. Functional Pathways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint are admitted.

5. Because Functional Pathways has not reviewed the records of Marathon Healthcare Center of Norwalk, LLC ("Marathon"), it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint. Further answering, Functional Pathways states that it received payments from Marathon in the ordinary course of business during the ninety day period leading up to Marathon's Voluntary Petition in Bankruptcy and, in return, Marathon received "new value" for the services provided by Functional Pathways.

6. Because it is unclear what period of time the allegation is referring to, Functional Pathways lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 6 of the Complaint and, therefore, denies the same. Further answering, Functional Pathways states that, on the petition date, Marathon owed Functional Pathways compensation for services not yet paid for.

7. Functional Pathways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. The allegations in paragraph 8 of the Complaint are denied.

9. Functional Pathways admits that it received a letter dated March 2, 2010 from the Plaintiff in which a demand was made for Functional Pathways to pay the sum of $204,194.99. Functional Pathways responded to the demand with an explanation concerning why it did not owe the money demanded. The Plaintiff did not reply to Functional Pathways prior to filing the Complaint in this matter.

### First Affirmative Defense

Plaintiff's claim is barred under 11 U.S.C. § 547(c)(1) to the extent Marathon received "new value" after it made payments to Functional Pathways.

### Second Affirmative Defense

Plaintiff's claim is barred under 11 U.S.C. § 547(c)(2)(a) to the extent Marathon's payments to Functional Pathways were "made in the ordinary course of business or financial affairs" of Marathon and Functional Pathways.

### Third Affirmative Defense

Plaintiff's claim is barred under 11 U.S.C. § 547(c)(2)(b) to the extent Marathon's payments to Functional Pathways were "made according to ordinary business terms."

### Fourth Affirmative Defense

Plaintiff's claim is barred by equitable estoppel to the extent Marathon or Plaintiff benefitted from service provided by Functional Pathways.

### Fifth Affirmative Defense

Plaintiff's claim is barred by equitable estoppel to the extent that Marathon or the Plaintiff has been or will be paid by the federal government for the services provided by Functional Pathways that are at issue in this action. Plaintiff's claim seeks to place the creditors in a better position than they are entitled to be in under the Bankruptcy Code.

### Sixth Affirmative Defense

Plaintiff's claim is barred because, upon information and belief, the government funds at issue were earmarked for Functional Pathways and Plaintiff never held an equitable interest in said funds.

**NOW**, having answered the allegations in Plaintiff's Complaint, Functional Pathways respectfully requests this Honorable Court dismiss the Complaint at the Plaintiff's cost.

Respectfully submitted this 28th day of April, 2010.

>DEFENDANT
>FUNCTIONAL PATHWAYS OF
>TENNESSEE, LLC
>
>By: /s/ Henry P. Baer, Jr.
>    Henry P. Baer, Jr.(ct 27781)
>    FINN DIXON & HERLING LLP
>    177 Broad Street, 15th Floor
>    Stamford, CT  06901-2048
>    Tel.:  (203) 325-5000
>    Fax:  (203) 325-5001
>    Email:  hbaer@fdh.com
>
>    -and-
>
>John E. Winters
>KRAMER RAYSON LLP
>Post Office Box 629
>Knoxville, Tennessee 37901-0629
>Tel: (865) 525-5134
>Fax: (865) 522-5723
>Email:  jwinters@kramer-rayson.com

## **CERTIFICATION**

I hereby certify that on April 28, 2010, a copy of foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              By: /s/ Henry P. Baer
                                                 Henry P. Baer (ct 27781)
                                                 Finn Dixon & Herling LLP
                                                 177 Broad Street, 15th Floor
                                                 Stamford, CT  06901-2048
                                                 Tel: (203) 325-5000
                                                 Fax: (203) 325-5001
                                                 E-mail  hbaer@fdh.com